IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02176-BNB

DYWAND DAYTRON JULIEN,

    Plaintiff,

v.

KEVIN MILYARD, in his individual capacity, and as Superintendent/Warden
    employed by the State of Colorado Department of Corrections, in his official
    capacity,
CAROL SOARES, in her individual capacity, and in her official capacity as
    associate warden employed by The State of Colorado Department of
    Corrections,
LLYOD WAIDE, in his individual capacity, and in his official capacity as
    Major employed by The State of Colorado Department of Corrections
MICHELLE NYCZ, in her individual capacity, and in her official capacity as
    Captain employed by The State of Colorado Department of Corrections,
WESLEY WILSON, in his individual capacity, and in his official capacity as
    Case Manager Employed by The State of Colorado Department of Corrections,
JAMES OLSON, in his individual capacity, and in his official capacity as
    Case Manager employed by The State of Colorado Department of Corrections,
    and
JOE ORTIZ, in his individual capacity, and in his official capacity as former
    Executive Director emp;oyed [sic] by the State of Colorado Department of
    Corrections,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 16 2007

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Dywand Daytron Julien, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling, Colorado, correctional facility. Mr. Julien filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993), alleging that his constitutional rights were violated while he was incarcerated at the Colorado Territorial Correctional Facility in Cañon City,

Colorado. The Court must construe the complaint liberally because Mr. Julien is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Julien will be ordered to file an amended complaint.

The Court has reviewed Mr. Julien's complaint and finds that the complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Julien fails to set forth a short and plain statement of his claims showing that he is entitled to relief. In the section of his complaint titled "C. Nature of the Case," Mr. Julien provides an unnecessarily lengthy discussion of the background and facts in support of his claims. Then he asserts seven claims for relief, each of which makes vague and conclusory allegations against one of the seven defendants, and each of which fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

By organizing his claims according to the defendant being sued, Mr. Julien unnecessarily has increased the length of the complaint, and has made verbose and repetitive assertions. It is Mr. Julien's responsibility to present his claims and supporting factual allegations in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Neither the defendants nor the Court is required to do this work for him. Mr. Julien must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. "[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

For these reasons, Mr. Julien will be directed to file an amended complaint. Mr. Julien is reminded that, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all

that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." **Thompson**, 250 F.2d at 883. Accordingly, it is

ORDERED that Mr. Julien file **within thirty (30) days from the date of this order** an original and a copy of an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Julien, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Julien fails to file an original and a copy of an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion for appointment of special process servers filed with the Court on October 25, 2007, is denied as premature.

DATED November 16, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02176-BNB

Dywand Daytron Julien
Prisoner No. 48236
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/16/07

GREGORY C. LANGHAM, CLERK

By _____
Deputy Clerk