IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02176-REB-KLM

DYWAND DAYTRON JULIEN,

    Plaintiff,

v.

KEVIN MILYARD, in his individual capacity, and as Superintendent/Warden employed by the State of Colorado Department of Corrections, in his official capacity,
CAROL SOARES, in her individual capacity, and in her official capacity as associate warden employed by the State of Colorado Department of Corrections,
LLOYD WAIDE, in his individual capacity, and his official capacity as Major employed by the State of Colorado Department of Corrections,
MICHELLE NYCZ, in her individual capacity, and her official capacity as Captain employed by the State of Colorado Department of Corrections,
WESLEY WILSON, in his individual capacity, and his official capacity as Case Manager employed by the State of Colorado Department of Corrections,
JAMES OLSON, in his individual capacity, and his official capacity as Case Manager employed by the State of Colorado Department of Corrections,
JOHN WATTS, in his individual capacity, and his official capacity as Case Manager employed by the State of Colorado Department of Corrections, and
ARISTEDES W. ZAVARAS, in his individual capacity, and his official capacity as Executive Director employed by the State of Colorado Department of Corrections,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Summary Judgment Pursuant to Federal Rule Civil Procedure 56(C) and 56(D)** [Docket No. 45; Filed September 15, 2008] (the "Motion for Summary Judgment") and **Defendant Zavaras Motion to Dismiss Complaint** [Docket No. 50; Filed October 22, 2008] (the "Motion to Dismiss"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.Colo.LCivR. 72.1.C., the matters

1

have been referred to this Court for recommendation. The Court has reviewed the Motions, Defendants' Response to the Motion for Summary Judgment [Docket No. 49; Filed October 6, 2008], the entire case file, and the applicable law and is sufficiently advised in the premises. Accordingly, the Court respectfully **RECOMMENDS** that the Motion for Summary Judgment be **DENIED** and the Motion to Dismiss be **GRANTED**, as set forth below.

**I.    Statement of the Case**

The following facts appear to be undisputed for purposes of the Motions. At the time of filing, Plaintiff was incarcerated at the Sterling Correctional Facility ("SCF"). On December 12, 2007, Plaintiff filed his *pro se* Amended Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 [Docket No. 10], alleging violations of his Fourteenth Amendment due process rights, as well as violations of 42 U.S.C. § 1985(3),  42 U.S.C. § 1986, and  42 U.S.C. § 1988.

Plaintiff alleges that on June 16, 2006, he was removed from the general prison population at the Colorado Territorial Correctional Facility ("CTCF") and transferred to Colorado State Prison ("CSP") due to "pending investigation of Colorado Department of Corrections code of penal discipline class I, Rule 19 violation, 'Solicitation of Staff Misconduct . . . .'" *Amended Complaint* [#10] at 4. Next, on June 19, 2006, Plaintiff alleges that he was transferred to SCF "for determination of administrative and disciplinary hearing proceedings." *Id.* On July 5, 2006, Plaintiff alleges he was served with notice for an administrative segregation hearing. *Id.* at 5. The administrative segregation proceedings were held on July 7, 2006, at which time the classification committee decided not to assign

2

Plaintiff to administrative segregation on the grounds that there was a lack of evidence that would justify his placement in administrative segregation. *Id.* On July 12, 2006, Defendant Milyard reversed the decision of the classification committee and ordered that Plaintiff be placed in administrative segregation. *Id.* Plaintiff appealed this decision on July 17, 2006, and on August 24, 2006, Defendant Soares remanded Plaintiff's case for another administrative segregation proceeding. *Id.* at 5-6. Therefore, on September 6, 2006, a second administrative segregation hearing was held, and as a result of this hearing, Plaintiff was placed in administrative segregation based upon evidence that had been previously unavailable at the first hearing. *Id.* at 6. Plaintiff alleges that prison officials violated his due process rights by failing to abide by CDOC Administrative Regulation 600-02, specifically AR 600-02(IV)(v)(1), which provides that "[a]ny inadvertent procedural irregularity shall not constitute grounds for the setting aside, vacating or modifying a classification decision except upon a clear showing of prejudice to the offender." *Response* [#28] at 5. Plaintiff alleges that "[a]s a result of the acts by defendant's [sic] [Plaintiff] was unlawfully confined to administrative segregation for a period of 240 day's [sic]." Plaintiff seeks damages in addition to attorneys fees and costs. *Amended Complaint* [#10] at 14.

## II.     Standard of Review

### A.     Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion, and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if the "pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating, by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. *Id.* at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible in evidence. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." *Id.*

### B. Motion to Dismiss

When deciding a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, ____ U.S. ____, 127 S. Ct. 2197 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). That is, a complaint must include

4

"enough facts to state a claim to relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering factual support for <u>these</u> claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007). Additionally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Hall*, 935 F.2d at 1112; *see also Erickson*, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint). Here, Defendants assert that Plaintiff's Complaint fails to state a claim for relief.

Finally, because Plaintiff here is proceeding *pro se*, the Court construes his pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff still retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

### III. Analysis

#### A. Motion for Summary Judgment

Plaintiff asserts that he is entitled to summary judgment on his Fourteenth

Amendment due process claim. *Motion for Summary Judgment* [#45] at 2. Plaintiff argues that "the evidence conclusively demonstrates that Defendants violated Plaintiff's clearly established constitutional rights . . . ." *Id.* at 1. Fed. R. Civ. P. 56(c) provides that summary judgment may be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating, by reference to portions of pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, the absence of genuine issues of material fact. *Celotex Corp.,* 477 U.S. at 323. Plaintiff has attached a large number of records from his administrative segregation hearings to his Motion for Summary Judgment, as well as a copy of his Amended Complaint, the CDOC Administrative Regulations and Defendant Kevin Milyard's Responses to Plaintiff's First Set of Interrogatories. *See Motion for Summary Judgment* [#45] at 17-80. Although Plaintiff has not filed any affidavits, a Complaint may be treated as an affidavit pursuant to Fed. R. Civ. P. 56(e) to the extent it contains statements that are based upon personal knowledge and those statements have been sworn under penalty of perjury. *C.D. Mosier v. Maynard*, 937 F.2d 1521, 1524 (10th Cir. 1991). Plaintiff's Amended Complaint [#10] is sworn under the penalty of perjury. Therefore, I have relied on the factual assertions in the Complaint to the extent that they are based upon personal knowledge and to the extent they support factual statements asserted in Plaintiff's Motion for Summary Judgment.

> 1. **Fourteenth Amendment Due Process Claim**

"The Due Process Clause guarantees due process only when a person is to be

deprived of life, liberty, or property." *Chambers v. Colo. Dep't of Corr.*, 205 F.3d 1237, 1242 (10th Cir. 2000) (citation omitted). A plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Public Schs.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, he must show that he possesses a protected liberty interest. *See id.*; *Veile v. Martinson*, 258 F.3d 1180, 1184–85 (10th Cir. 2001). Second, he must show that the procedures used in addressing his liberty interest were inadequate under the circumstances. *See Bartell*, 263 F.3d at 1149. The Supreme Court has held that, for prisoners, a liberty right exists only where an interference with that right would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484 (1995); *see also Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) ("the transfer of an inmate to a less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence") (internal quotation marks and citation omitted).

Accordingly, the Court must first examine whether Plaintiff has sufficiently alleged that he possesses a protected liberty interest. *Bartell*, 263 F.3d at 1149. Citing to the Supreme Court's decision in *Hewitt v. Helms*, 459 U.S. 460 (1983), Plaintiff contends that the alleged violation of mandatory language contained in numerous CDOC Administrative Regulations establishes a protected liberty interest. *Motion for Summary Judgment* [#45] at 2-4. However, although many of the regulations relied upon by Plaintiff contain mandatory language, this fact is no longer dispositive. *See, e.g.,* CDOC Admin. Reg. 600-02(IV)(v)(1) ("Any inadvertent procedural irregularity *shall not* constitute grounds for the setting aside, vacating or modifying a classification decision except upon a clear showing

7

of prejudice to the offender."); CDOC Admin. Reg. 600-02(IV)(A) ("All factors and evidence relied upon to recommend administrative segregation *must be* clearly documented in the 'Notice for Administrative Segregation'. . . ."). As the Supreme Court made clear in its decision in *Sandin*, which overruled its prior holding in *Hewitt*, mandatory language contained in a statute or regulation will not be the basis for the creation of a constitutionally protected right. *See Sandin*, 515 U.S. at 483 ("[W] e believe that the search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause."). That is, *Sandin* recognized that, "[t]he methodology used in *Hewitt v. Helms*, and later cases has impermissibly shifted the focus of the liberty interest inquiry from one based on the nature of the deprivation to one based on language of a particular regulation." *Id.* at 473 (internal citation omitted). Therefore, after *Sandin*, the relevant question is not whether the regulation contains mandatory language, but whether the alleged violation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Accordingly, the Court finds unavailing Plaintiff's argument that the mandatory language contained in the CDOC Administrative Regulations creates a protected liberty interest.

Further, Plaintiff presents no argument that his confinement in administrative segregation imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Indeed, it is well-established that the mere placement in administrative segregation does not, on its own, implicate a liberty interest. *Penrod*, 94 F.3d at 1406 (holding "the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of

8

confinement ordinarily contemplated by a prison sentence") (internal quotation marks and citation omitted); *Anderson v. County of Kern*, 45 F.3d 1310, 1316 (9th Cir. 1995) (noting that "[a]dministrative segregation, even in a single cell for twenty-three hours a day, is within the terms of confinement ordinarily contemplated by a sentence."); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (finding that "[c]hanging an inmate's prison classification ordinarily does not deprive him of liberty, because he is not entitled to a particular degree of liberty in prison."). Therefore, because Plaintiff has not established that his placement in administrative segregation imposed "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life," Plaintiff is not entitled to judgment as a matter of law on his Fourteenth Amendment due process claim. *Sandin*, 515 U.S. at 484. Accordingly, I respectfully **RECOMMEND** that **Plaintiff's Motion for Summary Judgment Pursuant to Federal Rule Civil Procedure 56(C) and 56(D)** [Docket No. 45; Filed September 15, 2008] be **DENIED** to the extent it seeks summary judgment on Plaintiff's Fourteenth Amendment due process claim.

### 2. Municipal Liability Claim

Second, Plaintiff argues that he is entitled to summary judgment on his claim that "Defendants [sic] zero tolerance municipal custom and policy identified under CDOC AR 1450-01 Code of Conduct was the 'moving force' behind the deprivation of Plaintiff's constitutional fourteenth amendment due process liberty interest." *Motion for Summary Judgment* [#45] at 10. Citing to *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), Plaintiff appears to argue that he is entitled to summary judgment on a claim for municipal liability. In *Monell*, the Supreme Court established that municipalities and other local

9

government entities, like counties, may be held liable in a Section 1983 action for their own unconstitutional or illegal policies. 436 U.S. at 690-91. However, as currently pled, Plaintiff's Amended Complaint does not state a claim for municipal liability. That is, Plaintiff has only sued employees of the CDOC in their individual and official capacities. *See Amended Complaint* [#10] at 1. Plaintiff's claims against Defendants in their official capacities are construed as claims against the Colorado Department of Corrections, and therefore, against the State of Colorado itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that a suit against public employees in their official capacities is considered to be a suit against the state itself). Because Plaintiff has only sued employees of the CDOC, and has not stated any claims against municipal bodies or local governmental entities, he cannot sustain his request for judgment as a matter of law on a potential municipal liability claim.

Accordingly, I respectfully **RECOMMEND** that **Plaintiff's Motion for Summary Judgment Pursuant to Federal Rule Civil Procedure 56(C) and 56(D)** [Docket No. 45; Filed September 15, 2008] be **DENIED** to the extent it seeks summary judgment on a potential municipal liability claim.

### B. Motion to Dismiss

Defendant Zavaras has filed a Motion to Dismiss Plaintiff's Amended Complaint, stating that he "joins the Defendants in adopting and incorporating the statements contained in their Motion to Dismiss filed March 10, 2008 (Doc. #24)." *Motion to Dismiss* [#50] at 1. By Motion dated August 4, 2008, Plaintiff moved, pursuant to Fed. R. Civ. P. 25(d), to substitute Defendant Aristedes Zavaras, the current Executive Director of the

CDOC, for Defendant Joe Ortiz, the former Executive Director of the CDOC [Docket No. 39]. The Court granted Plaintiff's Motion on August 12, 2008 [Docket No. 41], and a waiver of service was returned executed for Aristedes Zavaras on August 14, 2008 [Docket No. 42]. Accordingly, at the time that the Court entered its Recommendation that Defendants' Motion to Dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(6), the deadline for Defendant Zavaras to file an answer or other responsive pleading had not yet passed, and he had not yet done so [Docket No. 44]. Therefore, Defendant Zavaras now seeks to join in the Defendants' Motion to Dismiss [Docket No. 24; Filed March 10, 2008]. The Court has reviewed Plaintiff's Amended Complaint [Docket No. 10], and its Recommendation to Dismiss Plaintiff's Complaint [Docket No. 44], and finds that the arguments and law as set forth in the Recommendation are equally applicable to Defendant Zavaras, and that Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted against Defendant Zavaras.

Accordingly, for the reasons set forth on the record in my Recommendation dated September 15, 2008 [Docket No. 44], I respectfully **RECOMMEND** that **Defendant Zavaras' Motion to Dismiss Complaint** [Docket No. 50; Filed October 22, 2008] be **GRANTED** and that Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

**IV.    Conclusion**

As set forth above, I respectfully **RECOMMEND** that **Plaintiff's Motion for Summary Judgment Pursuant to Federal Rule Civil Procedure 56(C) and 56(D)**

[Docket No. 45; Filed September 15, 2008] be **DENIED** and **Defendant Zavaras' Motion to Dismiss Complaint** [Docket No. 50; Filed October 22, 2008] be **GRANTED** and that Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 12(b)(6).

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

__s/ Kristen L. Mix_____

United States Magistrate Judge

Dated: November 25, 2008