IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 07-cv-02176-REB-KLM

DYWAND DAYTRON JULIEN,

    Plaintiff,

v.

KEVIN MILYARD, in his individual capacity, and as Superintendent/Warden employed
    by the State of Colorado Department of Corrections, in his official capacity,
CAROL SOARES, in her individual capacity, and in her official capacity as associate
    warden employed by the State of Colorado Department of Corrections,
LLOYD WAIDE, in his individual capacity, and in his official capacity as Major employed
    by the State of Colorado Department of Corrections,
MICHELLE NYCZ, in her individual capacity, and her official capacity as Captain
    employed by the State of Colorado Department of Corrections,
WESLEY WILSON, in his individual capacity, and his official capacity as Case Manager
    employed by the State of Colorado Department of Corrections,
JAMES OLSON, in his individual capacity, and his official capacity as Case Manager
    employed by the State of Colorado Department of Corrections,
JOHN WATTS, in his individual capacity, and his official capacity as Case Manager
    employed by the State of Colorado Department of Corrections, and
ARISTEDES W. ZAVARAS, Executive Director of the Colorado Department of
Corrections, in his individual capacity, and in his official capacity,

    Defendants.

## ORDER ADOPTING RECOMMENDATIONS OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

    This matter is before me on the following: (1) the defendants' **Motion To Dismiss** [#24] filed March 10, 2008; (2) the **Recommendation of United States Magistrate Judge** [#44] filed September 15, 2008; (3) **Plaintiff's Motion for Summary Judgment Pursuant to Federal Rule Civil Procedure 56(c) and 56(d)** [#45] filed September 15, 2008; (4) **Defendant Zavaras' Motion to Dismiss Complaint** [#50] filed October 22,

2008; and (5) the **Recommendation of United States Magistrate Judge** [#52] filed November 25, 2008. The plaintiff filed **Plaintiff's Objection to the Recommendation of United States Magistrate Judge Pursuant to Fed. R. Civ. P. 72(b) and Fed. R. Civ. P. 56(c)** [#53] on December 8, 2008. Although they do not say so explicitly, it appears that the defendants seek dismissal for failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). In his motion to dismiss [#50], defendant, Zavaras, joins in the motion to dismiss filed by the other defendants.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable law. In addition, because the plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). In the context of the motions to dismiss, the plaintiff's complaint must be reviewed to determine whether it "contains 'enough facts to state a claim to relief that is plausible on its face.'" **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. July 9, 2007) (quoting **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, ___, 127 S.Ct. 1955,1974 (2007)).

The plaintiff, Dywand Julien, is incarcerated in the Colorado Department of Corrections. Julien alleges in his Amended Complaint [#10] filed December 12, 2007, that in the period from July to September, 2006, the defendants conducted certain administrative procedures that led to Julien's placement in a highly restrictive prison classification known as administrative segregation. Julien alleges that his placement in

2

administrative segregation violated his rights to due process of law and equal protection of the law because the defendants used improper procedures to determine that Julien should be placed in administrative segregation. Julien says he was held in administrative segregation for 240 days.

I agree with the magistrate judge's analysis and conclusion that the allegations in Julien's Amended Complaint do not state a plausible due process claim because Julien's allegations do not indicate that he has been deprived of a constitutionally protected liberty interest. As the magistrate judge notes, placement in administrative segregation does not, per se, implicate a constitutionally protected liberty interest. *Talley v. Hesse*, 91 F.3d 1411, 1413 (10th Cir. 1996; *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The magistrate judge notes correctly also that Julien has not alleged that he necessarily lost earned time credits as a result of his placement in administrative segregation. Even if Julien had alleged that he necessarily lost earned time or good time credits as a result of his classification to administrative segregation, such allegations would not state a plausible claim for deprivation of a constitutionally protected liberty interest. Colorado inmates do not have a constitutionally protected liberty interest in earned time or good time credits. *See, e.g., Templeman*, 16 F.3d at 369 - 370. On this basis, the defendants' motion to dismiss is granted and Julien's due process claims are dismissed.

The magistrate judge analyzes also the defendants' argument that the plaintiff's claims are barred by the favorable termination requirement stated in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The magistrate judge concluded that "there is no evidence" that the plaintiff actually was deprived of good time or earned time credits as a result of his placement in administrative segregation. *Recommendation* [#44], at 10. In resolving

3

a motion under Rule 12(b)(6), the court's function is not to weigh evidence. *Sunrise Valley, LLC v. Kempthorne*, 528 F.3d 1251, 1254 (10th Cir. 2008). Rather, the court must determine whether the allegations in the complaint are sufficient legally to state a claim on which relief may be granted. *Id*. Thus, the defendants' argument that the plaintiff's claims are barred by **Heck** must be analyzed in light of the allegations in the complaint, rather than evidence in the record. I do not address the **Heck** issue because, even if the plaintiff's claims are not barred by **Heck**, the magistrate judge concludes correctly that the plaintiff's complaint must be dismissed.

I note also that Julien asserts in Claim Two of his amended complaint that his right to equal protection of the law was violated when he was placed in administrative segregation. This aspect of Julien's Claim Two is not addressed in the defendants' motions to dismiss. However, the allegations in the Amended Complaint do not state a plausible equal protection claim. **Templeman**, 16 F.3d at 371.

Excluding the analysis of the **Heck v. Humphrey** issue raised by the defendants, I find and conclude otherwise that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendations proposed by the magistrate judge should be approved and adopted. I conclude also that the plaintiff's objections are without merit.

**THEREFORE, IT IS ORDERED** as follows:

1. That the objections stated in the **Plaintiff's Objection to the Recommendation of United States Magistrate Judge Pursuant to Fed. R. Civ. P. 72(b) and Fed. R. Civ. P. 56(c)** [#53] filed December 8, 2008, are **OVERRULED**;

2. That the **Recommendation of United States Magistrate Judge** [#44] filed September 15, 2008, is **APPROVED AND ADOPTED** as an order of this court, with the

4

exception of the analysis of the *Heck v. Humphrey* issue raised by the defendants;

3. That the **Recommendation of United States Magistrate Judge** [#52] filed November 25, 2008, is **APPROVED AND ADOPTED** as an order of this court, with the exception of the analysis of the *Heck v. Humphrey* issue raised by the defendants;

4. That the defendants' **Motion To Dismiss** [#24] filed March 10, 2008, is **GRANTED**;

5. That the **Plaintiff's Motion for Summary Judgment Pursuant to Federal Rule Civil Procedure 56(c) and 56(d)** [#45] filed September 15, 2008, is **DENIED**;

6. That **Defendant Zavaras' Motion to Dismiss Complaint** [#50] filed October 22, 2008, is **GRANTED**;

7. That this case is **DISMISSED**;

8. That **JUDGMENT SHALL ENTER** for the defendants, Kevin Milyard, Carol Soares, Lloyd Waide, Michelle Nycz, Wesley Wilson, James Olson, John Watts, and Aristedes W. Zavaras, and against the planitiff, Dywand Daytron Julien; and

9. That the defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court under to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated February 23, 2009, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

5